**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Ritchie Capital Management, L.L.C.; Ritchie Special Credit Investments, Ltd.; Rhone Holdings II, Ltd.; Yorkville Investments I, L.L.C.; Ritchie Capital Structure Arbitrage Trading, Ltd.; and Ritchie Capital Management, Ltd., | Civil No. 13-2803 (DWF/FLN) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Opportunity Finance, L.L.C.; Sabes Family Foundation; Sabes Minnesota Limited Partnership; Robert W. Sabes; and Jon R. Sabes, | |
| Defendants. | |

Brian A. McAleenan, Esq., Michael J. La Mare, Esq., and Thomas K. Cauley, Esq., Sidley Austin LLP; and James M. Jorissen, Esq., Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., counsel for Plaintiffs.

Christopher J. Mandernach, Esq., Jonathan Landy, Esq., Joseph G. Petrosinelli, Esq., and Jefferey D. Bailey, Esq., Williams & Connolly LLP; and John R. McDonald, Esq., Kari S. Merman, Esq., Kevin M. Decker, Esq., and Scott M. Flaherty, Esq., Briggs & Morgan, PA, counsel for Defendants.

**INTRODUCTION**

This matter is before the Court on a Motion to Abstain and Remand brought by

Plaintiffs Ritchie Capital Management, L.L.C., Ritchie Special Credit Investments, Ltd.,

Rhone Holdings II, Ltd., Yorkville Investments I, L.L.C., Ritchie Capital Structure

Arbitrage Trading, Ltd., and Ritchie Capital Management, Ltd. (collectively, "Plaintiffs") (Doc. No. 24); and a Motion to Remand to Bankruptcy Court brought by Defendants Opportunity Finance, L.L.C., Sabes Family Foundation, Sabes Minnesota Limited Partnership, Robert W. Sabes, and Jon R. Sabes (collectively, "Defendants") (Doc. No. 29).

## BACKGROUND

This case relates to losses associated with dealings with Tom Petters ("Petters"). (Doc. No. 1, Ex. A ("Compl.") ¶ 1.) Petters was a Minnesota businessman who was convicted in 2009 for running a number of Ponzi schemes between approximately 1993 and 2008. (*Id*. ¶¶ 1, 19-25.) During that time, Petters induced a number of individuals and entities to lend money to his businesses. (*Id*.)

Defendants loaned substantial funds to two special-purpose entities, PC Funding, L.L.C., and SPF Funding, L.L.C., which in turn loaned that money to Petters. (*Id*. ¶ 26.) Plaintiffs invested money in one of Petters's schemes. (*Id*. ¶¶ 37-40.)

Plaintiffs allege that Petters sought money from them in order to meet Defendants' demands for immediate loan repayments. (*Id*. ¶¶ 47-50.) Specifically, Plaintiffs allege that Defendants learned that Petters was engaged in fraud and then demanded repayment of their loans to Petters on an accelerated basis from Petters. (*Id*. ¶¶ 47-51.) Plaintiffs allege that Defendants knew that the only way they would receive repayment was if Petters continued his fraud and sought new investors. (*Id*.) Plaintiffs claim they were such new investors and, therefore, Defendants were complicit in Petters's procurement of $189 million in loans from Plaintiffs. (*Id*. ¶¶ 47-51.)

2

With the conviction of Petters and the collapse of his enterprise, proceedings relating to Petters are pending before the Bankruptcy Court for the District of Minnesota. (Doc. No. 1 ("Removal Notice") ¶ 1.) On October 3, 2009, a number of Petters's companies went into receivership. *See In re Petters Co.*, Civ. No. 08-45257 (Bankr. D. Minn. Oct. 22, 2008). The Bankruptcy Court appointed Douglas A. Kelley ("Kelley") as receiver for those companies. *Id.* Kelley filed a number of petitions for those companies, and they were consolidated before Bankruptcy Chief Judge Gregory F. Kishel. *Id.* On February 26, 2009, Kelley was also appointed Trustee for all debtors to the Petters bankruptcy case. (Doc. No. 39 at 3.)

The Trustee has commenced a number of proceedings seeking distributions to creditors of various Petters-related estates, including against Opportunity Finance. (Doc. No. 39, Ex. A (Amended Compl., *Kelley v. Opportunity Fin.*, No 10-04301 (Bankr. D. Minn. Feb. 25, 2011)).) In that proceeding, the Trustee asserts claims of constructive fraud and unjust enrichment/equitable disgorgement of all money paid from Petters entities to Opportunity Finance. *See id.*

In this case, on September 24, 2013, Plaintiffs filed a lawsuit in Minnesota District Court in the Fourth Judicial District, Hennepin County (the "State Court"). (*See generally* Compl.) Plaintiffs assert the following claims against Defendants: (1) aiding and abetting fraud; (2) civil conspiracy; and (3) unjust enrichment. On October 11, 2013, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1334(b). (Compl. ¶¶ 52-67.) On December 10, 2013, the Bankruptcy Court denied, without prejudice, a motion brought by the Trustee seeking a declaration that this action violates the

automatic bankruptcy stay and seeking an injunction against Plaintiffs' suit pending resolution of Trustee claims against Defendants. (Doc. No. 39, Ex. B (Compl., *Kelley v. Ritchie Capital Mgmt., L.L.C.*, Civ. No. 13-4299 (Bankr. D. Minn. Oct. 25, 2013)).) The Bankruptcy Court denied the motion out of deference to this Court's consideration of this matter now before it. (Doc. No. 39, Ex. C (Tr. of Dec. 10, 2013 Hearing in *Kelley v. Ritchie*, Civ. No. 13-4299 (Bankr. D. Minn.).) Plaintiffs now seek this Court's abstention from exercising jurisdiction, as well as remand to State Court, and Defendants seek referral to the Bankruptcy Court.

## DISCUSSION

Federal courts have original but non-exclusive jurisdiction over bankruptcy cases for "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995). District courts are then empowered to refer any such cases to bankruptcy judges for the district. *Specialty Mills*, 51 F.3d at 773 (citing 28 U.S.C. § 157(a) and Local Rule 1070-1).

However, under Section 1334(c)(2), district courts must abstain from exercising jurisdiction over certain state law claims ("mandatory abstention"). Section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain

>from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Thus, a court must abstain where the following six factors are met: (1) a party to the proceeding files a timely motion to abstain; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is a related (non-core) proceeding; (4) absent § 1334(b), the cause of action could not have been commenced in a federal court; (5) the proceeding is commenced in state court; and (6) the proceeding can be timely adjudicated in a state forum. *In re Schmidt*, 453 B.R. 346, 350 (B.A.P. 8th Cir. 2011). The party seeking abstention bears the burden of proving that abstention is required. *Buffets, Inc. v. LGI Energy Solutions, Inc.*, Civ. No. 09-548, 2009 WL 2929436, at *4 (D. Minn. Sept. 8, 2009).

Defendants do not contest the following factors: that a party to the proceeding files a timely motion to abstain; that the proceeding is based upon a state law claim or state law cause of action; and that the proceeding was commenced in State Court. The Court agrees with the parties that those three factors have been met. However, the following factors are in dispute: that absent § 1334(b), the cause of action could not have been commenced in a federal court; that the proceeding can be timely adjudicated in a state forum; and that the proceeding is a related (non-core) proceeding. The Court addresses each contested issue in turn below.

5

## A. Grounds for Jurisdiction in Federal Court

Defendants argue that Plaintiffs cannot meet their burden of showing that "absent § 1334(b), the cause of action could not have been commenced in a federal court." *Schmidt*, 453 B.R. at 350.

Generally, federal questions, diversity of citizenship, or § 1334 for certain bankruptcy proceedings, can be the basis for commencing actions in federal court. *See, e.g.*, 28 U.S.C. § 1331; 28 U.S.C. § 1332; 28 U.S.C. § 1334. It is undisputed that when seeking removal, "the defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *In re Prempro Prods Liab. Litig.,* 591 F.3d 613, 620 (8th Cir. 2010) (citing *Altimore v. Mount Mercy College,* 420 F.3d 763, 768 (8th Cir. 2005)). Additionally, all doubts about federal jurisdiction should be resolved in favor of remand to State Court. *Id.* (citing *Wilkinson v. Shackelford,* 478 F.3d 957, 963 (8th Cir. 2007)).

Here, Defendants assert that § 1334 is not necessarily the only grounds for removal in this case because diversity jurisdiction under § 1332 *might* exist. Defendants claim that because Plaintiffs are seeking abstention, it is Plaintiffs' burden to establish that there is not diversity jurisdiction. According to Defendants, because Plaintiffs only "baldly assert[] that 'diversity jurisdiction is lacking,'" and fail to provide sufficient information about the citizenship of each of the parties, the Court cannot reach the conclusion that diversity jurisdiction is lacking. (Doc. No. 39 at 9.) The Court disagrees.

Here, based on the face of the Complaint, Defendants' notice of removal, and all arguments and evidence presently before the Court, there is nothing to support Defendants' claim of potential diversity jurisdiction. (Compl. at 7-18.) First, Defendants

6

admit that they cited § 1334 as the basis for removal in their removal notice.  While this is not dispositive, Defendants were not precluded from including multiple grounds as the basis for removal.  Second, contrary to Defendants assertion, the face of Plaintiffs' Complaint provides adequate information about the citizenship of every party.  *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) ("[T]he district court has jurisdiction over it on all grounds *apparent from the complaint*, not just those cited in the removal notice.") (emphasis added).  According to the Complaint, at least one Defendant and one Plaintiff are citizens of Delaware.  (Compl. at 7-18.)  This defeats diversity jurisdiction.  *See* 28 U.S.C. § 1332(a); *see also Frelin v. Oakwood Homes Corp.*, 292 B.R. 369, 376-77 (Bankr. E.D. Ark. 2003) (holding that because diversity jurisdiction did not exist on the face of the complaint, § 1334 was the sole basis for jurisdiction and mandatory abstention was required).  Third, Defendants themselves present no evidence of diversity.  Defendants' notice of removal is based entirely on "related to" bankruptcy jurisdiction (*see* Notice of Removal), and Defendants' brief opposing Plaintiffs' motion to remand simply claims that "related to" jurisdiction "does not mean diversity jurisdiction does not exist." (Doc. No. 39 at 9.)  This is not enough to show diversity jurisdiction.  Fourth, to the extent that it is Plaintiffs' burden to show that the abstention factors have been met (which is different from establishing jurisdiction), Plaintiffs here have met that burden by pleadings that show a lack of diversity and by showing that Defendants' removal was solely based on § 1334(b).  Finally, the cases cited by Defendants that hold that a Court may always evaluate jurisdictional merits do not save Defendants' failed arguments on this issue.  It is true that the Court may evaluate

7

jurisdiction for itself, *Osborn v. United States* (Def. Br. at 9.), but it must do so based upon some facts or pleadings before it. Here, there are none that could support Defendants' claims of diversity jurisdiction. Thus, the Court concludes that § 1334 provides the basis for jurisdiction in this case.

Accordingly, Plaintiffs have adequately met their burden of showing that absent § 1334(b), the cause of action could not have been commenced in a federal court.

### B. Timely Adjudication

Defendants next argue that the proceedings cannot be timely adjudicated in a state forum. The Court disagrees and finds this argument to be without merit. First, this factor does not involve considerations of whether the case may or may not be more quickly resolved out of State Court, as Defendants argue. (Doc. No. 41 at 5 (citing *In re Exide Tech.*, 544 F.3d 196, 218 n.14 (3d Cir. 2008)).) Instead, the question is whether the proceeding can be "timely adjudicated" in State Court. (*Id.*) The State Court disposes of civil cases with 90%+ clearance rates. (Doc. No. 26 at 9; Doc. No. 28 ("Jorissen Aff.") ¶ 2, Ex. A.) Additionally, the State Court is to "be given the deference of a presumption" that it timely adjudicates its cases. *See In re Fifty Below Sales & Mktg., Inc.*, 490 B.R. 885, 897 (Bankr. D. Minn. 2013). The Court concludes that the State Court is fully competent to handle this matter, and can do so in a timely manner with proper resources as outlined by Plaintiffs and as reflected in the annual report of the Minnesota state judiciary attached to Plaintiffs' opening brief. (*See* Doc. No. 26 at 9; Jorissen Aff. ¶ 2, Ex. A.) Accordingly, Plaintiffs have met their burden of showing that the case can be timely adjudicated in a state forum.

## C. Core Proceedings

Finally, Defendants argue that Plaintiffs' claims are core and that, therefore, Plaintiffs cannot show that this proceeding is a related (non-core) proceeding as required for abstention.

Federal courts have jurisdiction over cases "arising under," "arising in," or "related to" cases under title 11. *See* U.S.C. § 157(b). Civil proceedings in a bankruptcy case are either "core" or "non-core." *Specialty Mills*, 51 F.3d at 773. Core proceedings "arise under" or "arise in" a bankruptcy case, and non-core proceedings are only "related to" the bankruptcy case. *See id*. Courts describe "arising under" and "arising in" as follows:

> A case "arises under" title 11 if a claim asserted is created by or based on a provision of the bankruptcy code. *See National City Bank v. Coopers and Lybrand,* 802 F.2d 990, 994 (8th Cir. 1986). A case "arises in" a case under title 11 if it is not based on any right expressly created by the bankruptcy code but has no existence outside the bankruptcy case. *See In re Chambers,* 125 B.R. 788, 793 (Bankr. W.D.Mo. 1991) (*citing In re Wood,* 825 F.2d 90, 97 (5th Cir. 1987)).

*Frelin v. Oakwood Homes Corp.*, 292 B.R. 369, 376-77 (Bankr. E.D. Ark. 2003). In further explaining "arises in," the Eighth Circuit has looked to the Third Circuit:

> [C]laims that 'arise in' a bankruptcy case are claims that by their nature, not their particular factual circumstance, could only arise in the context of a bankruptcy case." Accordingly, "administrative matters" such as allowance and disallowance of claims, orders in respect to obtaining credit, determining the dischargeability of debts, discharges, confirmation of plans, orders permitting the assumption or rejection of contracts, are the principal constituents of "arising in" jurisdiction.

*In re Farmland Indus., Inc.*, 567 F.3d 1010, 1018 (8th Cir. 2009) (citing *Stoe v. Flaherty*, 436 F.3d 209, 218 (3d Cir. 2006)) (additional citations omitted).  To determine if claims are "related to" a case under title 11, the Eighth Circuit applies the "conceivable effect" test considering "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy [or]. . . if the outcome could alter the debtor's rights, liabilities, options, or freedom of action"  *Frelin*, 292 B.R. at 77 (citing *Dogpatch Props., Inc. v. Dogpatch U.S.A., Inc.*, 810 F.2d 782, 786 (8th Cir. 1987) (citation and quotation omitted)).  "[T]he jurisdictional grant is extremely broad" under the "conceivable effect" test.  *Farmland*, 567 F.3d at 1019 (citation omitted).

Defendants argue that the claims at issue are core because they "arise in" the administration of the Petters estates.  Specifically, Defendants argue that Plaintiffs' claims will determine which claimants will receive money from the estate and how much.  (Doc. No. 39 at 11.)  Defendants also point to the fact that the Trustee to the Petters bankruptcy proceedings has taken the position that these proceedings are core.[1]  The Court again disagrees.

Here, Plaintiffs' claims do not fit into the narrow category of matters which "have no existence outside of the bankruptcy," and which "could only arise in the context of a

---

[1] The trustee has taken the position that these proceedings are core, and that they concern the administration of the estate or the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship.  (Doc. No. 39 at 12.)  The Trustee has asserted claims against Opportunity Finance of actual and constructive fraud, and unjust enrichment/equitable disgorgement against Defendants, and seeks to recover money paid by Petters and his entities to Opportunity Finance.

bankruptcy." *In re Farmland*, 567 F.3d at 1018. Plaintiffs assert state law claims in this case—aiding and abetting, conspiracy, and unjust enrichment—all of which they could pursue irrespective of the Petters bankruptcy and, thus, are non-core. *Fifty Below*, 490 B.R. at 896 (holding that the claims at issue were non-core because they failed to "fit directly into the two functions of bankruptcy relief—the administration of the estate (the gathering of assets and their division among creditors) and the grant of discharge."). Plaintiffs could have brought suit against Defendants regardless of whether the Petters bankruptcy case existed. Moreover, the specific issues raised in the State Court complaint are not currently before the Bankruptcy Court in the Petters proceedings. *See Frelin*, 292 B.R. at 378 ("[T]his Court has no evidence that the exact issues raised in Plaintiffs' State Court complaint (*i.e.,* the Defendants' liability to Plaintiffs) are before the Delaware Bankruptcy Court for adjudication even though the Defendants' liability, if any, is relevant to the Oakwood Defendants' indemnification liability, if any.") Like *Frelin*, Defendants' liability to Plaintiffs is not currently before the Bankruptcy Court either. *See id*. Also, Plaintiffs' funds went to Petters, not Defendants, and they have filed proofs of claim with the Bankruptcy Court for the Petters bankruptcy proceedings. Though Plaintiffs seek some of the same money that the Trustee seeks from the bankruptcy estates, this does not mean that their claims arise in the bankruptcy case. Finally, Defendants themselves sought removal stating that the proceeding is "related to" the Petters bankruptcy case and that "[e]ach of the claims and causes of action in the State Court Action are non-core proceedings within the meaning of 28 U.S.C.

11

§ 157(b)(2).".  (Notice of Removal ¶¶ 10-11, 13.)  Thus, Plaintiffs' claims are not core, either arising under or in bankruptcy.

Having decided that Plaintiffs' claims are not core, the Court turns to whether they are "related to" the Petters bankruptcy.  Here, the Court concludes that there is little doubt that the Plaintiffs' claims are "related to" the bankruptcy proceedings.  Applying the Eighth Circuit's "conceivable effect" test, the outcome of Plaintiffs' claims could "conceivably have any effect on the estate being administered in the bankruptcy." *Farmland*, 567 F.3d at 1019.  If, for example, Plaintiffs succeed in their claims, Plaintiffs may recover funds from Defendants that might otherwise go to the Trustee.  Additionally, though the debtor is not in Plaintiffs' present suit, "related to" bankruptcy proceedings can "include . . . suits between third parties which have an effect on the bankruptcy estate."  *Id.*  As Defendants explain, a number of the operative facts found in the Complaint are the same as those alleged in the Petters bankruptcy, which further shows a "conceivable effect" on the bankruptcy proceeding.

Therefore, Plaintiffs have met the factor for mandatory abstention requiring that this proceeding is a related (non-core) proceeding and is not a core proceeding.  In this case, however, being "related to" the bankruptcy case does not mean that this Court will hear this case and instead means that Plaintiffs have met this factor as required for mandatory abstention.

## CONCLUSION

Plaintiffs have met all of the requisite factors for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2).[2] Thus, this Court will abstain from hearing this proceeding. Additionally, as a result of its abstention, this Court hereby remands the proceedings to State Court pursuant to its authority under 28 U.S.C. § 1452(b). *See Fifty Below*, 490 B.R. at 891, 898.

## ORDER

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Abstain and to Remand (Doc. No. [24]) is **GRANTED**.

2. Defendants' Motion to Refer This Case to the Bankruptcy Court (Doc. No. [29]) is **DENIED**.

3. The proceedings are hereby **REMANDED** to the State Court.


Dated:  June 5, 2014               s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge

---

[2] Because the requirements for mandatory abstention are met, this Court need not address permissive abstention or equitable remand. Additionally, because the Court is remanding the case to State Court on the basis of mandatory abstention, the Court also will not examine whether the forum defendant rule applies.